# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JONATHAN DRUMMOND

Plaintiff,

vs.

PONTE VEDRA CORPORATION,

Defendant.
_______________________________/

CASE NO.: 6:24-cv-1186-PGB-RMN

CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF

1. JONATHAN DRUMMOND ("Plaintiff') filed a Complaint on June 28, 2024, against PONTE VEDRA CORPORATION, (the "Defendant"), alleging that the Defendant failed to design, construct, and maintain its website, www.pvspa.com (the "Website") in a manner that is fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Plaintiff alleges this resulted in a denial of full and equal access to its Website, and the products and services offered on the Website, in violation of Title III of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 *et seq.).*

2. Defendant denies the allegations in the Complaint, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

3. To avoid the costs, expense, and uncertainty of protracted litigation,

the Parties to this Consent Decree agree to entry of this Order to resolve all of Plaintiff's claims, including those regarding injunctive relief and damages, raised in the Complaint. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs claims for injunctive relief or damages.

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against the Defendant for injunctive relief and damages that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or any other state or federal civil rights, consumer protection, or privacy laws, and this Consent Decree and Order should not be construed as such.

## I. JURISDICTION

5. The Parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 *et seq.*

## II. INJUNCTIVE RELIEF

6. The Defendant will, by December 31, 2024, use good faith efforts to cause the Website to substantially conform with the Web Content Accessibility Guidelines 2.0 (WCAG) Level AA to the extent readily achievable and maintain

such compliance thereafter. Should the Department of Justice issue final regulations adopting a legal standard for website accessibility that is different from the WCAG 2.0 Level AA, the Defendant shall have the option of complying with that legal standard, which option it may exercise in its sole discretion. Notwithstanding the foregoing, the Defendant will make reasonable efforts to use only third- party content that conforms to WCAG 2.0 Level AA.

## III. RELEASE OF CLAIMS

9. For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of Plaintiff and any of Plaintiff's agents, employees, representatives, assigns, heirs, executors, trustees, partners and attorneys, and each of them (collectively, the "Releasing Persons"), shall be deemed to have jointly and severally forever released and discharged Defendant, its affiliates and related entities, together with its and their respective past, present, and future officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiary entities, sibling entities, partners, insurers, contractors, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing, (collectively, the "Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, legal

proceedings, losses, fees, costs and expenses of any kind whatsoever, whether known or unknown, including, but not limited to, any monetary, injunctive or declaratory relief relating thereto, and for reimbursement of attorneys' fees, costs and expenses, relating to the Action, the Website, and/or any Mobile App or Mobile Website of Defendant, but not including claims related to the enforcement of the Agreement (collectively, the "Released Claims"). This release expressly applies to, but is not limited to, all claims regarding the accessibility of the Website and any Mobile App or Mobile Website of Defendant, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential. Plaintiff, on his own behalf and on behalf of the other Releasing Persons, acknowledges that Released Claims may include claims that are presently unknown, and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all Released Claims, whether now asserted or unasserted, known or unknown, which arise out of or in connection with the Released Claims.

10. Plaintiff acknowledges that he may hereafter discover facts different from, or in addition to, those which he now believes to be true with respect to the Released Claims. On his own behalf and on behalf of all of the Releasees, Plaintiff

agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Consent Decree contemplates the extinguishment of all such Released Claims. By executing this Consent Decree, Plaintiff acknowledges the following: (a) he is represented by counsel of his own choosing; and (b) he has been specifically advised by his counsel of the consequences of the above waiver and this Consent Decree generally.

11. Plaintiff expressly covenants that, as against Defendant, he has not and will not file, initiate, commence, institute, maintain, or prosecute any action at law, suit in equity or other proceeding, or seek damages or other relief incurred or allegedly incurred by him, related to, arising out of, or in any way connected with the Complaint or any Released Claim.

## IV. ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

12. This Consent Decree and Order shall be binding on Plaintiff, the Defendant and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

13. Signatories on the behalf of the Parties represent that they are

authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile or email signature shall have the same force and effect as an original signature.

## V. TERM OF THE CONSENT DECREE AND ORDER

14. This Consent Decree and Order shall become effective on the date the Order is signed by the Court ("Effective Date").

15. This Consent Decree and Order shall be in full force and effect and expire by its own terms at the end of twelve (12) months from the Effective Date without further action by the Parties ("Expiration Date").

## VI. SEVERABILITY

16. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

## VII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

17. This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until the Expiration Date.

18. If either Party believes that the other Party has failed to comply with any provision of the Decree, the complaining Party shall notify the alleged non-complying Party in writing of such non-compliance and afford the alleged non-

complying Party thirty (30) days to remedy the non-compliance or satisfy the complaining Party that the alleged non-complying Party will comply within a certain period of time. If the alleged non-complying Party has not remedied the alleged non-compliance or satisfied the complaining Party that it has complied within that time, the Parties shall meet and confer regarding the non-compliance. If the Parties are unable to resolve the issue(s), the complaining Party may apply to the Court for appropriate relief. The Court may order appropriate relief should it determine that either Party has not complied with this Decree.

**AGREED:**

JONATHAN DRUMMOND

Jonathan Drummond

Date: 10/15/2024

PONTE VEDRA CORPORATION

By: William Ackland VP of Finance

Date: 10-16-24

SO ORDERED this ___ day of _________, 2024.

BY THE COURT:

UNITED STATE DISTRICT COURT JUDGE